**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 19 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DARREN K. BYLER, Preferred Marine
Mortgage Lien Holder M/V Wild Alaskan,

Plaintiff - Appellant,

and

OIL SPILL RESPONSE VESSELS, LLC,

Plaintiff,

v.

CITY OF KODIAK; PAT
BRANSON; MIKE TVENGE; JOSIE
BAHNKE; MICHAEL
SARNOWSKI; CHARLES
DAVIDSON; TERRY J.
HAINES; RICHARD WALKER; JOHN
WHIDDON; LAURA
ARBOLEDA; COOPER G.
CURTIS; HIGHMARK MARINE
FABRICATION, LLC,

Defendants - Appellees.

No. 24-6991

D.C. No. 3:23-cv-00067-SLG-MMS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted February 18, 2026[]

Before:        CALLAHAN, FRIEDLAND, and BRESS, Circuit Judges.

Darren K. Byler appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional violations arising from the impoundment and scuttling of the maritime vessel Wild Alaskan. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6) on the basis of the applicable statute of limitations. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004). We may affirm on any basis supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

The district court properly determined that the local ordinances related to the harbor were not preempted by federal maritime law and properly dismissed as time-barred Byler's claims arising from the 2017 impoundment of the Wild Alaskan. *See* Alaska Stat. § 09.10.070 (providing two-year statute of limitations for personal property claims); *Cholla Ready Mix*, 382 F.3d at 974 (stating that courts borrow the most appropriate state statute of limitations for § 1983 claims); *Barber v. State of Hawai'i*, 42 F.3d 1185, 1193 (9th Cir. 1994) (noting "the Supreme Court's longstanding recognition that anchorage and mooring rules are best left to

---

[**]        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the states in the absence of compelling government interests to the contrary").

Dismissal of Byler's procedural due process claim arising from the sinking of the Wild Alaskan in 2021 was proper because the local ordinance notice provision did not create a constitutional right to receive such notification. *See James v. Rowlands*, 606 F.3d 646, 657 (9th Cir. 2010) (concluding that the violation of a statute requiring notice did not give rise to a procedural due process claim because it did not create a protected right).

The district court properly dismissed Byler's claims against the Highmark defendants because Byler failed to allege facts sufficient to show that the Highmark defendants acted under color of state law. *See Franklin v. Fox*, 312 F.3d 423, 445-46 (9th Cir. 2002) (setting forth tests for determining whether a private entity acted under color of state law and whether a private entity was the proximate cause of the alleged violation).

The district court did not abuse its discretion by denying Byler's motion for default against the Highmark defendants because they responded timely to the complaint after the district court's extension of time. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (setting forth standard of review and factors to consider before entering default judgment).

Contrary to Byler's contention, the district court properly disregarded Byler's proposed amended complaint because, despite being granted leave to

amend, Byler elected to stand on his initial complaint.

We reject as unsupported by the record Byler's contentions that the district judge was required to recuse herself under 28 U.S.C. § 455 and that the district court erred in not addressing his defamation claim.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**